UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20530-CIV-ALTONAGA

YUNEY LORENZO LOPEZ OTERO,

      Petitioner,

v.

MIAMI IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE DIRECTOR, *et al.*,

      Respondents.[1]

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Yuney Lorenzo Lopez Otero's

Verified Petition for Writ of Habeas Corpus . . . [ECF No. 1], filed on January 27, 2026. Petitioner

challenges his detention at the Broward Transitional Center ("BTC") in Pompano Beach, Florida.

(*See generally id.*). Respondent filed a Response [ECF No. 5] on February 2, 2026. The Court

has reviewed the record, the parties' written submissions, and applicable law. For the following

reasons, the Petition is denied.

## I.  BACKGROUND

Petitioner is a Cuban citizen who was paroled into the United States on July 25, 2022. (*See*

Pet. ¶¶ 1, 22). On April 14, 2025, Petitioner applied for permanent residency under the Cuban

Adjustment Act. (*See id.* ¶ 23; *see also id.*, Ex. 2, I-485 Receipt Notice [ECF No. 1-2]). His

---

[1] Petitioner names several Respondents, including the Miami Immigration and Customs Enforcement Field
Office Director, the U.S. Attorney General; the Secretary of the U.S. Department of Homeland Security;
and the Director of the National Benefits Center, U.S. Citizenship and Immigration Services and Customs
Enforcement. (*See* Pet. ¶¶ 13–16). According to Respondents, the only proper party is Carlos Nunez,
Petitioner's immediate custodian. (*See* Resp. 4); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004)
(reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the
proper respondent"). Petitioner does not contest that assertion. (*See generally* Dkt.). Thus, the Court refers
to Nunez as the only Respondent.

application is pending before the U.S. Citizenship and Immigration Service ("USCIS"). (*See* Pet. ¶ 23). On July 31, 2025, Petitioner was arrested by the Hollywood Police Department and charged with grand theft, a third-degree felony. (*See id.* ¶ 24; *see also id.*, Ex. 3, Broward County Rs. [ECF No. 1-3] 1–2).[2] That charge remains pending. (*See* Pet. ¶ 24; *see also* Resp. 3).

On August 4, 2025, "Petitioner was transferred to Respondent['s] custody" at BTC, where he is detained. (Pet. ¶ 25 (alteration added)). Petitioner has been in removal proceedings since August 5, 2025. (*See* Resp. 3). On November 4, 2025, Petitioner filed a motion to terminate his removal proceedings, which was denied by an Immigration Judge ("IJ") during a hearing held on November 6, 2025. (*See id.*; *see also* Pet. ¶ 26 (citation omitted)). According to Respondent, Petitioner is scheduled "for an individual merits hearing before an [IJ] on March 31, 2026[.] (Resp. 4 (alterations added)).

On January 27, 2026, Petitioner filed his Petition, asserting four claims for relief. (*See generally* Pet.). In Count I, Petitioner alleges "Respondents are unlawfully and punitively using civil detention to manufacture a pretextual denial of the Petitioner's pending [I-485 application]." (*Id.* ¶ 63 (alteration added)). In Count II, Petitioner alleges his prolonged detention violates his Fifth Amendment due process rights. (*See id.* ¶ 72). In Count III, Petitioner contends that "Respondents have failed to perform their administrative duties by arbitrarily and capriciously pausing all Cuban benefit applications . . . pursuant to a policy memorandum issued on January 6, 2026[]" and seeks declaratory and injunctive relief. (*Id.* ¶ 77 (alterations added)). In Count IV, Petitioner seeks mandamus relief, asking the Court to "compel a response to [his] pending [I-485 application]." (*Id.* ¶ 79 (alterations added)).

Respondent's principal argument is that 8 U.S.C. section 1225(b)(2) mandates Petitioner's

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

detention and, therefore, Petitioner's due process arguments must fail. (*See* Resp. 5–13). Next, Respondent argues that Petitioner has failed to adequately exhaust his administrative remedies. (*See id.* 13–14). Finally, Respondent contends that "Petitioner's claim for a writ of mandamus is not properly before the Court" in a habeas action and should be dismissed. (*Id.* 14).

## II. LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

***Administrative Exhaustion.*** Respondent contends Petitioner has not exhausted all available administrative remedies because he "has yet to request an individualized bond hearing in front of an immigration judge." (Resp. 14). In contrast, Petitioner alleges he "has already requested bond from the immigration court." (Pet. ¶ 20). Since Respondent provides no evidence to support his assertion, the Court accepts Petitioner's allegation. And as the undersigned ruled in *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-Civ, 2025 WL 2938369, at *4 (S.D. Fla. Oct. 15, 2025), an appeal of a bond denial to the Board of Immigration Appeals ("BIA") is not necessary when the outcome of any BIA appeal is "nearly a foregone conclusion" as here. *Id.*

***Mandatory Detention under 8 U.S.C. Section 1226(c).*** Petitioner suggests his detention is premised upon 8 U.S.C section 1226(c)(1)(E). (*See* Pet. ¶ 4). Respondent insists Petitioner is

detained under 8 U.S.C. section 1225(b)(2).  (*See* Resp. 5).  As Respondent recognizes, courts in this District and the undersigned have rejected the arguments Respondent makes here.  (*See* Resp. 1 n.1).  Respondent does not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome.  Again, the Court finds that section 1225(b)(2) is not applicable to Petitioner's case.

Instead — and as Petitioner himself alleges — section 1226(c) governs his detention.  In January 2025, Congress passed the Laken Riley Act ("LRA") which amended section 1226(c) by adding an additional category of noncitizens subject to mandatory detention.  *See* Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).  Under section 1226(c)(1)(E), the Attorney General "shall take into custody" any noncitizen who meets two criteria.  *Id.*  First, the individual must be "inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title[.]"  *Id.* section 1226(c)(1)(E)(i) (alteration added).  Second, the individual must be someone who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]"  *Id.* section 1226(c)(1)(E)(ii) (alteration added).

Petitioner meets each requirement.  As Petitioner admits, he "has been charged as inadmissible under 1182(a)(7) for entry without a visa" and "has been charged with grand theft as a third degree felony, which would fall within the scope of the [LRA]."  (Pet. ¶¶ 5–6 (alteration added)).  As such, Petitioner is detained under clear statutory authority.  Certainly, detention is not "arbitrary or purposeless[,]" as Petitioner alleges in Count I.  (*Id.* ¶ 62 (alteration added)).

Petitioner next argues that his detention violates his due process rights under the Fifth Amendment.  (*See id.* ¶ 72).  But detention during a noncitizen's removal proceedings has been

affirmed by the Supreme Court. *See Demore v. Kim*, 528 U.S. 510 (2003). In *Demore*, the Supreme Court considered mandatory detention under section 1226(c)(1)(B) — a provision in existence prior to the LRA but unaffected by the addition of section 1226(c)(1)(E). The Court acknowledged "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Id.* at 521 (alteration added; quoting *Matthews v. Diaz*, 426 U.S. 67, 79–80 (1976)). And although "the Fifth Amendment entitles aliens to due process of law in deportation proceedings . . . this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* at 523 (alteration added).

"To the extent that [Petitioner] seeks to challenge the fact of his detention on due process grounds, that avenue of attack is now foreclosed by the United States Supreme Court's decision in *Demore*[.]" *Tavares v. Decker*, No. 13-cv-20, 2013 WL 1246803, at *3 (M.D. Pa. Mar. 5, 2013) (alterations added), *report and recommendation adopted*, 2013 WL 1246802 (M.D. Pa. Mar. 26, 2013). And while Petitioner asserts his detention has become unreasonably prolonged, he has actively pursued multiple channels of relief during his detention (*see* Resp., Ex. 4, Decl. of Deportation Officer Tremayne Anglin [ECF No. 5-4] ¶¶ 19–25), complicating and prolonging the proceedings. That his detention lasted roughly six months as of the filing of his Petition does not overcome the presumption of constitutionality. *See Demore*, 538 U.S. at 530–31; *see also Tavares*, 2013 WL 1246803, at *5 ("Where the delay is attributable to actions taken by the alien in the course of litigating the removal proceedings, courts typically will not hold the government accountable for that delay when conducting a due process analysis." (citations omitted)).

**Petitioner's I-485 Application.** Petitioner seeks an injunction and a writ of mandamus requiring that the USCIS adjudicate his pending I-485 application for adjustment of status.

(*See* Pet.  ¶¶ 76, 79).  Respondent argues these claims for relief are not properly before the Court in this Petition.  (*See* Resp. 14).  Respondent is correct.

A petition for a writ of habeas corpus is the proper method to seek relief from unlawful detention.  *See Allen v. Dep't of Child. & Fams.*, No. 12-cv-78, 2012 WL 1085585, at *1 (N.D. Fla. Mar. 31, 2012).  In Counts I and II, Petitioner challenges his detention and seeks an order releasing him (s*ee* Pet. ¶¶ 59–72); these claims are properly brought under 28 U.S.C. section 2241. In Counts III and IV, however, Petitioner seeks alternative relief more appropriately pursued in a civil action and not a habeas petition.  *See King v. Carlton*, No. 21-cv-21634, 2021 WL 1738766, at *1–2 (S.D. Fla. May 3, 2021) (distinguishing between relief properly sought in a habeas action versus other civil actions).

As Respondent notes, "[h]abeas actions and non-habeas actions have different filing fee requirements, different pleading standards, and different substantive standards[.]"  (Resp. 14 (alterations added)).  Petitioner has only paid the $5.00 filing fee for a habeas action (*see generally* Dkt.), but he seeks relief beyond what is proper in habeas.  Thus, the Court will not consider the arguments advanced in Counts III and IV.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner, Yuney Lorenzo Lopez Otero's Verified Petition for Writ of Habeas Corpus . . . **[ECF No. 1]** is **DENIED**. Counts III and IV are dismissed without prejudice.  Final judgment will be entered by separate order.  The Clerk of Court is directed to **CLOSE** the case.

CASE NO. 26-20530-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 13th day of March, 2026.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record